United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20479
Conference Calendar
_____

CHARLES WILSON,

                                        Plaintiff-Appellant,

versus

KENNETH L. NASH, State Counsel for Offenders,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1091
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Charles Wilson, Texas prisoner #521150, moves for

appointment of counsel and in forma pauperis (IFP) status on

appeal.  Wilson's IFP motion is a challenge to the district

court's decision that his appeal is not taken in good faith.  See

Baugh v. Taylor, 117 F.3d 197, 201 (5th Cir. 1997).

        Wilson argues that the district court erred in dismissing as

frivolous his 42 U.S.C. § 1983 complaint against Kenneth Nash,

Wilson's former defense attorney, and a staff attorney for the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

State Counsel of Offenders. A public defender is not a state actor for purposes of § 1983 liability "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Moreover, Wilson's claim is barred because he is seeking to recover damages for an allegedly unconstitutional sentence that has not been reversed on appeal or in a postconviction proceeding. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Wilson has not shown that the district court erred in certifying that an appeal would not be taken in good faith. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Wilson's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2. Wilson's motion for appointment of counsel is DENIED.

The district court's dismissal of Wilson's civil rights complaint counts as a strike for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Wilson is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.